## NILES ET UX. v. KAHLE ET AL.

HOMESTEAD: PARTNERSHIP: MORTGAGE.

*Appeal from Pottawattamie District Court.*

SATURDAY, APRIL 20.

IN 1871 Jeffries, in consideration of "one thousand five hundred dollars in hand paid by Charles H. Hummel and Henry P. Niles, conveyed

unto said Hummel & Niles lots numbers nine and ten, in block number one," in Council Bluffs. The said Hummel and Niles were at that time partners doing business under the name and style of Hummel & Niles.

On March 1, 1872, "Charles Hummel and H. P. Niles, doing business under the firm name and style of Hummel & Niles," executed a mortgage on said premises, which was duly filed for record the same day. Afterward, and in 1873, an action was commenced, and said mortgage was duly foreclosed. A special execution was issued on the judgment, and the defendant being about to sell the same thereunder, the plaintiffs, who are husband and wife, commenced this action to enjoin the sale of said lot number ten, on the ground that the same constituted their homestead. A temporary injunction was allowed, which, at the hearing, was in part dissolved, and the plaintiffs appeal.

*Sapp, Lyman & Ament*, for appellants.

*M. S. Williams*, for appellee.

SEEVERS, J.—This cause is not triable *de novo* in this court, for the reason that no motion was made at any time in the court below for a trial there on written evidence. *Vinsant v. Vinsant*, 47 Iowa, 594.

It is claimed by the appellee that the real estate in question was partnership property, and, therefore, no homestead right attached therein against the creditors of the partnership. We do not deem it necessary to determine this question. The appellants claim that the plaintiff H. P. Niles and Hummel were owners in common, and that he purchased the interest of Hummel in said lot ten, and entered into possession under and by virtue of a parol contract, before the execution of the mortgage, and that the homestead rights of plaintiffs attached at the time possession was taken under the contract of purchase and sale. The defendants deny that there was any sale by Hummel, and a taking possession thereunder by plaintiffs previous to the execution of the mortgage. This question of fact the court below found to be as claimed by the defendants, and the court decreed that the undivided half of lot ten was liable to be sold in satisfaction of the execution issued on the judgment foreclosing the mortgage.

If the facts be as found by the court we do not understand counsel for defendants to dispute the conclusion of law adopted by the District Court.

The only evidence in addition to the record title consists of the testimony of the plaintiffs and Hummel. It cannot be said to be free from conflict.

For instance, the plaintiffs say they went into possession in the spring of 1871, and that they purchased the premises of Hummel before the mortgage was executed; while Hummel testifies the "plaintiffs rented the house of Hummel & Niles, and their tenancy commenced late in the fall of 1871, and remained therein as tenants until the fall of 1872, at the time when the deed was made to plaintiff from me of the undivided one-half of the house and one lot, during same fall." The deed spoken of

by Hummel appears to be dated on April 15, 1872, but it was not recorded until October 10, 1872. He, therefore, is probably mistaken when he states the deed was made in the fall. But this mistake, if it be one, is not material, for the reason that the mortgage was executed and recorded six weeks before the deed is dated.

The plaintiffs are unable to state that they entered into possession under a contract of purchase.

Under this state of the evidence we think the finding of the court is justified. But, if wrong in this, such finding is not so clearly against the evidence as to justify us in setting it aside.

In stating the testimony, wherever the abstracts conflict we have been governed by the amended abstract of defendant, as is the established practice.

AFFIRMED.